UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ARNOLD WEISS,                                                                03-CV-0586E(Sr)

            Plaintiff,

  -vs-                                                                                    MEMORANDUM

VIOLET REALTY, INC.,                                                                   and
PATRICK HOTUNG,
ANTHONY J. COLUCCI, III, and                                                 ORDER[1]
COLUCCI & GALLAHER, P.C.,

            Defendants.

---

        Plaintiff Arnold Weiss filed this action pursuant to 42 U.S.C. §§1983, 1985(3) and 1988 on July 31, 2003 asserting various deprivations of his constitutional rights by the defendants. Weiss thereafter filed an Amended Complaint on October 16, 2003. By Memorandum and Order dated December 30, 2003, the Court granted defendants' motion to dismiss Weiss's §1985(3) and §1988 claims, and denied the motion to dismiss the §1983 claim. By that same Order, the Court denied defendants' motion for attorney's fees.[2]

        Thereafter, by Memorandum and Order dated November 5, 2004, the Court granted defendants' motion for summary judgment as to the §1983 claim,

---

[1] This decision may be cited in whole or in any part.

[2] The December 30, 2003 Order did not state a reason for the denial of the motion for attorney's fees, nor did it allow for the renewal of the motion at some later date.

concluding that no state action was at issue because, as conceded by Weiss, the property at issue was owned by Violet Realty and was not leased from the City of Buffalo, as contended earlier in the litigation. Also in that Order, the Court concluded that defendants were not entitled to attorney's fees with respect to the §1983 claim but were entitled to attorney's fees of $7,500 in making the motion to dismiss the §1985(3) and §1988 claims because such were frivolous.[3]

Weiss thereafter filed a motion for reconsideration of the November 5, 2004 Order granting attorney's fees to defendants, arguing that the Court had previously denied defendants' request for attorney's fees with respect to those claims. In a Memorandum and Order dated January 5, 2005, the Court denied Weiss's request to reconsider the award of attorney's fees finding that Weiss's contention that a previous Order of the Court had denied such fees was unsupported.[4]

Weiss appealed the Court's decision to the United States Court of Appeals for the Second Circuit which, in a December 23, 2005 Summary Order, affirmed the

---

[3] The November 5, 2004 Order did not state the manner in which the Court found those claims to be frivolous.

[4] It appears that the Court misapprehended the nature of Weiss's argument and interpreted it as asserting that the Court — in an unrelated case — denied attorney's fees to defendants who prevailed on such claims. Weiss's argument in fact correctly asserted that the Court had previously denied these defendants their fees with respect to the §1985(3) and §1988 claims.

Court's conclusions as to the dismissal of Weiss's claims but vacated the Court's award of attorney's fees and remanded the issue of such fees to this Court.

Upon remand, defendants continue to assert that the award of attorney's fees is appropriate because Weiss made false statements of material fact relating to the ownership of the property in his Amended Complaint and in opposition to the motion to dismiss which allowed his §1983 claim to survive the motion to dismiss and forced defendants to file the motion for summary judgment. Defendants argue that when the true nature of the property's ownership is considered, it demonstrates that all of Weiss's claims, including the previously dismissed §1985(3) and §1988 claims were frivolous because there was never any state action. Weiss continues to oppose the imposition of attorney's fees and argues that defendants should be held in contempt for seeking attorney's fees incurred in defending his appeal before the Second Circuit.

Contrary to Weiss's contention, defendants do not currently seek attorney's fees for their defense of his appeal to the Court of Appeals. As stated, defendants contend that attorney's fees are appropriate because Weiss's §1985(3) and §1988 claims were frivolous when the private ownership of the property is considered. Contrary to defendants' arguments; however, this Court's November 5, 2004 Order explicitly declined to award attorney's fees to defendant on the argument that the conceded private ownership of the property rendered Weiss's §1983 claim

frivolous. The Court concluded that Weiss was entitled to test whether the circumstances of the instant case warranted a different outcome from other "shopping mall" cases. Thus, if the Court concluded that the misstatements as to the nature of the ownership were not sufficient to demonstrate the frivolity of the §1983 claim, then such misstatements are not sufficient to justify an award of attorney's fees with respect to the §1985(3) and §1988 claims. Accordingly, the Court does not find defendants' argument to be persuasive in light of the Court's previous determination in December 2003 to not award attorney's fees on those claims.

Furthermore, the Court's December 30, 2003 Order denied attorney's fees and did not do so without prejudice to the renewal of the motion. Accordingly, the Court concludes that it had, as of December 30, 2003, determined that attorney's fees were not going to be granted with respect to the motion to dismiss and its November 5, 2004 Order awarding those fees was in error.

DATED:   Buffalo, N.Y.

       August 10, 2007

                                            */s/ John T. Elfvin*
                                              JOHN T. ELFVIN
                                                 S.U.S.D.J.